The act of 1818, ch. 980, declares that "the bond given by the constable shall be conditioned as well for the faithful discharge of his duty as constable as for his diligently endeavoring to collect all claims put into his hands for collection and faithfully paying over all sums thereon received, either with or without suit, unto the person to whom *Page 121 
the same shall be due." The bond on which the present suit is brought is conditioned that Martin, the constable, "shall well and truly pay, unto the person or persons properly authorized to receive, all moneys which he shall collect by virtue of said office, etc., and, furthermore, shall well, truly, and faithfully, in all and singular, discharge the several duties belonging to his office as such, according to law."
The act makes it his official duty to collect all sums put into his hands, with or without suit. A judgment had been obtained in this case through his agency; he received the money due upon it. I think (277) he received it in his official character. It was not necessary to apply to the justice for an execution, provided the defendant was willing to pay it without one.
I think the condition of the bond also covers this case, because in that bond the securities have stipulated that he shall pay all moneys which he shall collect by virtue of his office. I also think that suit was properly brought to the use of Holcomb, under the act of 1793, ch. 384, for he was the person injured, and the person authorized on that account by the act to bring suit. I think the rule for a new trial should be discharged.
HENDERSON, J., was of the same opinion.
PER CURIAM. Affirmed.
Cited: S. v. Corpening, 32 N.C. 61.